ILED
11/19/2018 1:02 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:19-cv-00009-XR  Document 1-2  Filed 01/04/19  Page 1 of 11
5:19-cv-00009; Attachments SOS - SAC 3

Cause No. **2018CI22008**

| | | |
|---|---|---|
| **HECTOR GONZALES GOMEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **224th ___ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **B & Z LOGISTICS, INC. and** | § | |
| **JOHN DOE** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, WITH ATTACHED WRITTEN DISCOVERY, AND REQUEST FOR DISCLOSURES TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, **HECTOR GONZALES GOMEZ,** Plaintiff herein, complaining of, Defendants, **B & Z LOGISTICS, INC. and JOHN DOE**, herein, and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

Plaintiff, **HECTOR GONZALES GOMEZ**, is an individual residing in the County of Bexar, State of Texas.

Defendant, **B & Z LOGISTICS, INC.,** is a foreign corporation with its principal place of business located at 301 Stag Industrial Blvd., Lake Saint Louis, MO 63367. Upon information and belief, it has not designated an agent for service of process in the State of Texas; therefore, pursuant to Texas C.P.R.C. § 17.044, it may be served with process by serving **The Secretary of State for the State of Texas at Service of Process, Secretary of State, James E. Rudder Bldg., 1019 Brazos Street, Room 105, Austin, TX 78701.** ISSUANCE and SERVICE of citation over this Defendant **IS** requested at this time.

Defendant, **JOHN DOE,** is an individual whose identity is unknown to the Plaintiff. No

service is necessary at this time.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiff seeks a discovery control plan under Level 3.

## II.
## JURISDICTION/VENUE

Plaintiff resides in Bexar County, Texas and the collision made the basis of this suit occurred in Bexar County, Texas.

Venue for this cause is proper in Bexar County, Texas, pursuant to the Texas Civil Practice and Remedies Code.

## III.
## FACTS

Plaintiff brings this lawsuit to recover damages arising out of a motor vehicle collision which occurred on or about April 18, 2018.  On this date, **HECTOR GONZALES GOMEZ,** was operating his motor vehicle in a lawful manner heading south in the number 2 lane of Interstate 35 in San Antonio, Bexar County, Texas. A commercial motor vehicle operated by Defendant, **JOHN DOE**, was southbound on Interstate 35 in the number one lane when he suddenly changed lanes into the number two lane occupied by the Plaintiff and struck the Plaintiff's vehicle. After striking the Plaintiff's vehicle, Defendant, **JOHN DOE**, never stopped. Instead he fled the scene without providing any identifying information. Upon information and belief, **JOHN DOE**, was driving in the course and scope of his employment with Defendant, **B & Z LOGISTICS, INC.,** which owned the commercial motor vehicle **JOHN DOE** was operating at the time of the crash. As a result of this crash, Plaintiff sustained serious injuries and damages. At the time, **JOHN DOE** failed to maintain control of his vehicle, failed to control speed, and made an unsafe lane change causing the collision and Plaintiff's injuries and

damages.

At all times relevant to this suit, Defendant, **JOHN DOE,** was working in the course and scope of his employment with Defendant, **B & Z LOGISTICS, INC.** Accordingly, Plaintiff alleges that Defendant, **B & Z LOGISTICS, INC.,** is vicariously liable for all acts and/or omissions of Defendant, **JOHN DOE.**

## IV.
## DAMAGES

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to his body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused his physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause him, to suffer consequences and ill effects of this deterioration throughout his body in the future, if not for the balance of his natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of his natural life

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

1.  Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

2.  Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

3.  Physical pain and suffering in the past;

4.  Physical pain and suffering, which will, in all reasonable probability, be suffered in

the future;

5. Physical impairment in the past;

6. Physical impairment, which will, in all reasonable probability, be suffered in the future;

7. Lost wages in the past;

8. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

9. Mental anguish in the past;

10. Mental anguish which will, in all reasonable probability be suffered in the future;

11. Fear of future disease or condition;

12. Disfigurement;

13. Cost of medical monitoring and prevention in the future;

14. Loss of household services.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is more than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend this amount.

## V.
## NEGLIGENCE, NEGLEGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT, JOHN DOE

Plaintiff would show that on the subject occasion, Defendant, **JOHN DOE**, was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a.      Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.417(a);

b.      In operating the vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law

negligence and negligence per se, as it is in violation of Texas Transportation Code §545.401(a);

c.   In failing to timely and/or properly apply the brakes so as to avoid running into the Plaintiff's vehicle;

d.   In failing to turn the vehicle to the left so as to avoid hitting the Plaintiff's vehicle;

f.   In failing to maintain control of the vehicle prior to the subject collision, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545.060(a);

g.   In failing to maintain an assured safe distance between his vehicle and the Plaintiff's vehicle, which constitutes negligence and negligence per se, as it is in violation of Texas Transportation Code §545.062(a);

h.   In driving and operating said vehicle at a speed in excess of the posted speed limit, and is therefore prima facie evidence that the speed was not reasonable and prudent, as described by Texas Transportation Code §545.352(a);

i.   Failing to take proper evasive action;

j.   Defendant driver failed to use the reasonable care that an ordinary driver would use in attempting to avoid a dangerous situation on the roadway;

k.   Defendant driver failed to use the reasonable care that a professional driver of commercial vehicles would use when he failed to maintain proper attention while operating the truck on a highway;

l.   Defendant driver failed to use the reasonable care that a professional driver would use when he failed to take proper evasive action to avoid colliding with the Ybarra vehicle;

m.   Defendant driver failed to use the reasonable care that a professional driver of commercial vehicles would use when he operated the truck in contravention of safe industry practices and in a manner which he knew or should have known created an extreme risk of serious injury or death;

Defendant, **JOHN DOE,** operated the truck in an unsafe manner, and the truck presented an unreasonable risk of serious injury or death. Defendant, **B & Z LOGISTICS, INC.'s** driver's negligent acts and/or omissions were the direct and proximate cause of the collision as were the various negligent actions and/or omissions of Defendant, **B & Z LOGISTICS, INC.,** as

described below.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to the Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

Plaintiff hereby alleges that the negligence of Defendant **JOHN DOE** was more than momentary thoughtlessness or inadvertence. Rather, the Defendant, **JOHN DOE**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant, **JOHN DOE,** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq.* Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case more than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend this amount.

## VI.
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT, B & Z LOGISTICS, INC.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant, **JOHN DOE,** was driving a truck owned by Defendant, **B & Z LOGISTICS, INC.**

1. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, **JOHN DOE**, was engaged in the furtherance of Defendant, **B & Z LOGISTICS INC.'s** business and/or was in the course and scope of his employment with it.

2. Plaintiff invokes the doctrine of *respondeat superior* against Defendant, **B & Z LOGISTICS, INC.**

3. Defendant, **B & Z LOGISTICS, INC.**, is liable under the doctrine of *respondeat superior* in that Defendant, **JOHN DOE** was operating a vehicle in the course and scope of his employment with Defendant, **B & Z LOGISTICS, INC.**

4. Defendant, **B & Z LOGISTICS, INC.**, is also negligent in one or more of the following respects:

   (a) Negligent hiring of its driver;

   (b) Negligent training;

   (c) Negligent supervision;

   (d) Negligent retention;

   (e) Negligent entrustment of Defendants, **B & Z LOGISTICS, INC.'s** vehicle to Defendant, **JOHN DOE**;

   (f) Defendant, **B & Z LOGISTICS, INC.**, failed to properly maintain the vehicle involved in the incident;

   (g) Defendant, **B & Z LOGISTICS, INC.**, failed to adequately inspect the vehicle to prevent collisions by its employees;

(h) Defendant, **B & Z LOGISTICS, INC.,** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

(i) Defendant, **B & Z LOGISTICS, INC.,** failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

5. As described herein, Defendant, **B & Z LOGISTICS, INC.,** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

6. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

7. Plaintiff hereby alleges that the negligence of Defendant, **B & Z LOGISTICS, INC.,** was more than momentary thoughtlessness or inadvertence. Rather, the Defendant, **B & Z LOGISTICS, INC.,**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant, **B & Z LOGISTICS, INC.,** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq.* Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which

the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## VIII.
## FIRST SET OF INTERROGATORIES TO DEFENDANT,
## B & Z LOGISTICS, INC.

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197, propounds the following Interrogatories to Defendant, **B & Z LOGISTICS, INC.**, attached hereto in **Exhibit A**. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

## IX.
## REQUESTS FOR PRODUCTION TO DEFENDANT,
## B & Z LOGISTICS, INC.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within fifty (50) days, Defendant, **B & Z LOGISTICS, INC.**, produce and permit Plaintiff to inspect and copy the documents and things described in the requests below in **Exhibit B**, and as instructed below. Plaintiff requests that Defendant produce the documents at the office of Davis Law Firm, 10500 Heritage Blvd, Ste. 102, San Antonio, Texas 78201.

## X.
## REQUESTS FOR ADMISSION TO DEFENDANT,
## B & Z LOGISTICS, INC.

Each of the items under the heading "Requests for Admission" is a request for admission

propounded to Defendant, **B & Z LOGISTICS, INC.,** pursuant to the provisions of Rule 198,

Texas Rules of Civil Procedure, attached hereto in **Exhibit C**. Under said rule, each such matter

is admitted without the necessity of a court order unless, within fifty days (50) after service of

the citation and petition, if this document accompanies the citation you serve a written answer

specifically denying the matter or setting forth in detail the reasons why you cannot truthfully

admit or deny the matter, or make an improper legal objection.

### XI.
### U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life

Tables as prepared by the Department of Health and Human Services.

### XII.
### RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives

actual notice to Defendants that any documents and materials produced in response to

written discovery may be used as evidence in this case; and, that any such documents and

materials may be used as evidence against the party producing the documents and materials at

any pretrial proceeding and/or at trial of this case without the necessity of authenticating the

documents and/or materials produced in discovery.

### XIII.
### PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the

jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that he is entitled

to pre-judgment interest under the Laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of

this cause, he has and recovers judgment against the Defendants, for the following:

a.   Actual damages in an amount that is more than one million dollars ($1,000,000.00).  Plaintiff reserves the right to amend this amount.

b.   Exemplary damages;

c.   Pre-judgment interest at the legal rate and Post-judgment interest at the legal rate until the judgment is paid in full;

d.   For all costs of Court; and

e.   For such other and further relief to which Plaintiff is justly entitled, at law and in equity.


Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Fax: (210) 870-1583


By: _____

**ROBERT O. FISCHEL, OF COUNSEL**
State Bar No. 07040200
ATTORNEYS FOR PLAINTIFF
e-mail: robertf@davislaw.com


**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL**