FILED
12/31/2018 1:48 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Alexandra Johnson

Case 5:19-cv-00009-XR   Document 1-3   Filed 01/04/19   Page 1 of 6
5:19-cv-00009-Attachment 3

## CAUSE NO. 2018CI22008

| | | |
|---|---|---|
| **HECTOR GONZALES GOMEZ,** § | | **IN THE DISTRICT COURT** |
| *Plaintiff*, § | | |
| § | | |
| § | | |
| **v.** § | | **224TH JUDICIAL DISTRICT** |
| § | | |
| § | | |
| **B&Z LOGISTICS, INC. AND** § | | |
| **JOHN DOE,** § | | |
| *Defendants* § | | **BEXAR COUNTY, TEXAS** |

### DEFENDANT B&Z LOGISTICS, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** Defendant B&Z LOGISTICS, INC. (hereinafter "Defendant"), and files this their Original Answer to Plaintiff's Original Petition, and any subsequent petition, and Jury Demand; and in support thereof, would respectfully show the Court as follows:

### I.

Defendant generally denies all allegations made by Plaintiff, pursuant to TEX. R. CIV. P. 92, and will demand strict proof thereof.

### II.

For further answer, if such be necessary, Defendant would show that the incident in question was proximately caused by negligence on the part of Plaintiff, specifically his failure to exercise ordinary care.

**III.**

For further answer, if such be necessary, Defendant would show that the accident in question was caused by a superseding or intervening cause.

**IV.**

For further answer, if such be necessary, Defendant pleads that the acts and/or omissions of a third party or parties over whom they exercised no control were the sole proximate cause of the incident in question and Plaintiff's alleged damages.

**V.**

For further answer, if such be necessary, Defendant reserves the right to show that the damages alleged by Plaintiff were caused, in whole or in part, by pre-existing and/or subsequently incurred illnesses, conditions and/or accidents.

**VI.**

For further answer, if such be necessary, Defendant would show that the accident in question was an unavoidable accident, as that term is defined by Texas law.

**VII.**

For further answer, if such be necessary, Defendant would show that Plaintiff has failed to mitigate his damages in this case.

**VIII.**

For further answer, if such be necessary, Defendant reserves the right to elect a credit attributable to any and all settlements reached by the parties in this litigation, including but not limited to any prior settlements with any other party to this litigation related to the claims made by Plaintiff related to the incident made the basis of this suit.

**IX.**

For further answer, if such be necessary, Defendant hereby reserves the right to submit the negligence of any and all settling parties, as defined by Chapter 33 of the Texas Civil Practice & Remedies Code and interpreted by Texas courts.

**X.**

Pleading further, and without waiver of the foregoing, to the extent Plaintiff's medical expenses exceed the amount actually paid on their behalf to their medical providers, Defendant asserts the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code. Thus, recovery of medical or healthcare expenses incurred by Plaintiff, if any, is limited to the amount actually paid or incurred by them or on their behalf.

**XI.**

Defendant invokes §18.091 TEX. CIV. PRAC. & REM. CODE and request that, to the extent Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff are subject to federal income taxes.

**XII.**

For further answer, Defendant alleges that any claim asserted by Plaintiff for punitive or exemplary damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection of the law under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and Art. 1, "13 and 19 of the Texas Constitution, and is thus barred.

### XIII.

For further answer, Defendant pleads the exemplary damage limitation contained in '41.008 TEX. CIV. PRAC. & REM. CODE, if same be necessary.

### XIV.

For further answer, Defendant alleges that the granting of relief to Plaintiff for punitive or exemplary damages would be in violation of Defendant's constitutional rights to due process of law and equal protection under the law under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Art. 1, ''13 and 19 of the Texas Constitution in that:

 a. Punitive damages are penal in nature and tend to mount to the imposition of a criminal fine;

 b. The guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite, uncertain and set no limit on the damages which can be awarded, and furthermore, do not apprize defendants of the conduct that will subject them to criminal penalties;

 c. Punitive damages expose defendants to multiple punishments and fines for the same act; and

 d. Punitive damages discriminate against defendants on the basis of wealth, in that different amounts can be awarded against different defendants for the same act, but who differ only in material wealth.

### XV.

Further, Defendant would show that the allowance of multiple punitive damage claims for one occurrence, event, or accident is violative of the Constitutions of the United States and the State of Texas.

### XVI.

Further, Defendant would show that the assessment of punitive damages, a remedy that is essentially criminal in nature, without the safeguards greater than those afforded by the Texas Rules of Civil Procedure in law, constitutes infliction of criminal penalty without safeguards

guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

### XVII.

Defendant reserves the right to amend its answer following further discovery in this cause and as allowed by Texas law.

### XVIII.

Defendant hereby requests trial by jury of this cause.

**WHEREFORE, PREMISES CONSIDERED**, Defendant B&Z LOGISTICS, INC. prays that judgment be rendered; that Plaintiff takes nothing on all claims asserted against Defendant; that Defendant be awarded all costs and expenses incurred herein; and for such other and further relief, both legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**LOPEZ LAW GROUP PLLC**

By: _____
BRIAN C. LOPEZ
State Bar No. 24029693
brian@lopezlit.com
ELISE MORNEAU
State Bar No. 24082188
elise@lopezlit.com
1502 Augusta Drive, Suite 450
Houston, Texas 77057
Phone:  713/275-9707
Fax: 713/275-9722

**ATTORNEYS FOR DEFENDANT
B&Z LOGISTICS, INC.**

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing instrument has been served pursuant to the Texas Rules of Civil Procedure on this the 31st day of December, 2018, upon the following parties and counsel of record:

Robert O. Fischel
DAVIS LAW FIRM
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
Phone: 210-444-4444
Fax: 210-870-1583
robertf@davislaw.com
***Attorney for Plaintiff***

_____
BRIAN C. LOPEZ